AO 91 (Rev. 12/93) Criminal Complaint

**REDACTED** In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

Der Tarrel
~~Tarel~~ Anderson

**REDACTED**

Criminal Complaint

CASE NUMBER:

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about 11 November 2007 in the District of Delaware, Defendant Tarel Anderson did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted on or about 14 August 2007 of a crime punishable by imprisonment for a term exceeding one year, Assault Second Degree in violation of Title 18 United States Code, Section(s) __922(g)(1) and 924(a)(2)__;

I further state that I am a(n) Special Agent, ATF David DiBetta and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof: Yes

_____
Special Agent, ATF

Sworn to before me and subscribed in my presence,

9 November 2007 at    Wilmington, DE
Date                         City and State

Honorable Paul Smith
Magistrate **Judge, Justice** of the Peace Court 20
Name & Title **of Judicial** Officer

Signature of Judicial Officer

RECEIVED
2007 NOV 9 PM 9 43
COURT #20
JUSTICE OF THE PEACE

FILED
NOV 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



## AFFIDAVIT OF DAVID DIBETTA

1. Your affiant is David DiBetta. Your affiant has been a Special Agent for over nineteen and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions but not limited to the ATF Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 900 seizures of firearms and well over 1000 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on 9 November, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant learned from Wilmington Police Officers that on 9 November 2007, Wilmington Police officers stopped a vehicle for a motor vehicle violation at Concord and Broom Street. The vehicle was stopped for disregarding a red light in the Officer's presence

5. After stopping the vehicle, the Officers reported to Your Affiant that they requested the operator later identified as TARREL ANDERSON DOB            provide a drivers license, insurance card and registration for the vehicle. The operator provided a photo copy of a temporary insurance card which the Officers stated was inadequate proof of insurance. A DELJIS check also revealed the operator's license was suspended/revoked.

6. The Officers further stated that the vehicle had an odor of alcohol coming from within. Based on the original 3 traffic offenses (No proof of insurance, Red Light infraction, and Driving Suspended) a decision was made to impound the vehicle. The driver was removed from the vehicle. The Officers reported they detained the driver which is common practice for this type of incident.

7. The Officers determined that the vehicle was to be impounded for the traffic violations. The driver was removed at which point the arresting Officer observed in plain view on the rear passenger side floor board black semi-automatic firearm. It should be noted that

the driver seat was leaned all the way back giving the driver a clear view of the firearm from his seated position. The officers reported the suspect was read his Miranda Warning after the discovery of the weapon but did not mention the firearm. The suspect replied to the Miranda Warning "that is not mine."

8. Inspection of the firearm revealed it to be a HyPoint 9mm black in color with 2 rounds in the magazine.

9. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the HyPoint 9mm semi automatic handgun is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware, or in a foreign country such that its possession in Delaware would have necessarily required that the firearm had crossed state or foreign lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

10. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about 8/14/2007 for Assault 2nd in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

David DiBetta
Special Agent, ATF

Sworn to and subscribed in my presence
this 9 day of November, 2007

Honorable Paul Smith
Magistrate Judge
Justice of the Peace Court 20